c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROMAN FORD,                          CIVIL ACTION NO. 1:17-CV-00192
Plaintiff

VERSUS                               JUDGE DRELL

LASALLE CORRECTIONAL                 MAGISTRATE JUDGE PEREZ-MONTES
CENTER, *ET AL.*,
Defendants

---

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by *pro se* plaintiff Roman Ford ("Ford").  Ford filed a Motion to Appoint Counsel (Doc. 14).  That motion is denied.

I.   Request for Appointment

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(e)(1), federal courts may request that an attorney represent an indigent plaintiff.  This language is not significantly different from that of former section 1915(d).  In Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 301-302 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel, because federal courts are not empowered under 28 U.S.C. § 1915(d) to make compulsory appointments.

"Generally speaking, no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915(d) where

1

'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985) (internal citations omitted).

Even when a plaintiff has nonfrivolous § 1983 claims, a "trial court is not required to appoint counsel ... unless the case presents exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); see also Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989). Though the Fifth Circuit has declined to articulate a "comprehensive definition of exceptional circumstances," Ulmer, 691 F.2d at 213 (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir.1982)), the court has supplied factors that a district court should consider in determining whether exceptional circumstances warrant the appointment of counsel, including:

> 1. the type and complexity of the case;
> 2. the petitioner's ability to present and investigate his case;
> 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
> 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

Naranjo v. Thompson, 809 F.3d 793, 799 (5th Cir.2015) (citing Parker v. Carpenter, 978 F.2d 190, 193 (5th Cir. 1992)) (internal quotation marks and citation omitted). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel. See Jackson, 864 F.2d. at 1242; Ulmer, 91 F.2d. at 213.

This is a civil rights complaint under 42 U.S.C. § 1983 for an alleged slip and fall on November 5, 2016 at LaSalle Correctional Center. (Doc. 1). Ford contends he is entitled to appointment of counsel for the following reasons: (1) he is not a lawyer;

(2) he is indigent; (3) he has no means to secure an attorney on his behalf; and (4) the scope of the law is beyond his understanding. (Doc. 14).

Ford has presented this motion to the Court, which reflects his ability to further present and litigate his case. Further, the case is not complex. The legal issues involve the application of well-established and long-standing principles, and the factual issues are simple. This case reveals no exceptional circumstances warranting appointment of counsel.

Ford further claims he is entitled to counsel under the Constitution of the State of Louisiana, Article 1, § 13. (Doc. 14). Ford alleges in his motion he has was arrested on April 23, 2013, and charged with manslaughter without any further action – a claim entirely separate from the § 1983 claim before the Court. (Doc. 14). Regarding his allegations of unlawful detention, Ford must file a separate petition for a writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that Ford's Motion to Appoint Counsel (Doc. 14) is **DENIED**.

**The Clerk of Court is DIRECTED TO SERVE** Ford with the appropriate forms and instructions for a petition for writ of habeas corpus (42 U.S.C. § 2241).

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this ___7th___ day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

3