a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROMAN FORD (#156841), Plaintiff | CIVIL ACTION NO. 1:17-CV-192; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| LASALLE CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Roman Ford (#156841). Ford was granted leave to proceed *in forma pauperis.* (Doc. 21). Ford is an inmate in the custody of the Louisiana Department of Corrections. At the time of filing, Ford was housed at the LaSalle Correctional Center in Olla, Louisiana ("LCC"), where he claims his constitutional rights were violated. Ford names as defendants LCC, Lieutenant Self, Sergeant Pond, and Sergeant Nugent. Because Ford was not deprived of medical care by Defendants and cannot state a negligence claim under § 1983, his complaint should be dismissed.

I.  Background

Ford alleges that he slipped and fell in grits on the floor of the dining hall at LCC. (Doc. 1, p. 3; Doc. 22, p. 1). Lt. Self, Sgt. Pond, and Sgt. Nugent helped Ford to the medical department. Ford complains that he did not see the doctor until the following month, and he was charged money for the doctor visit and medication. (Doc. 1, p. 3; Doc. 22, p. 1).

II. Law and Analysis

A. Ford's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Ford is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 13). As a prisoner seeking redress from an officer or employee of a governmental entity, Ford's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Ford's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. Ford fails to state a claim related to medical care.

Ford complains that, although Defendants assisted him to the medical department after his fall, he was not actually examined by a physician until the

2

following month. Ford complains he was charged for the visit, and was only prescribed blood pressure medication.

First, Ford does not allege that LCC, Lt. Self, Sgt. Pond, and Sgt. Nugent actually deprived him of medical care. Thus, there are no facts to substantiate Ford's claim that the named defendants violated his constitutional right to receive adequate care.

Next, Ford complains that he was charged for his medical appointment and for pain medication. (Doc. 1, p. 3). In the medical context, "to state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "'[T]he deliberate indifference standard of Estelle does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society.'" Morris v. Livingston, 739 F.3d 740, 748 (5th Cir. 2014) (citing Reynolds v. Wagner, 128 F.3d 166, 175 (3rd Cir. 1997) and Farrakhan v. Johnson, 1:08cv438, 2009 WL 1360864, at *5 (E.D. Va. May 13, 2009) (unpublished) ("Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay such co-payment does not present a constitutional claim.")). Ford does not claim that he was refused care due to an inability to pay; he simply complains that he was charged. Ford's allegations regarding the medical copayment fail to state a constitutional claim.

In an amended complaint, Ford states the doctor only gave him blood pressure medication. (Doc. 22, p. 1). However, in his original complaint, Ford alleges he was issued a prescription and "pain medication." (Doc. 1, p. 3). To the extent Ford disagrees with the doctor's assessment of his injuries and health, or with the medicine prescribed, Ford fails to state a claim for which relief can be granted. A disagreement with prison officials regarding the nature or course of medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

### C. Ford cannot state a constitutional claim for negligence.

In an amended complaint, Ford complains that Defendants were negligent in instructing the kitchen staff to add more water to the grits, at which time the grits spilled onto the floor. (Doc. 22). Ford subsequently slipped in the grits. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'it is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under §1983. See

Daniels v. Williams, 474 U.S. 327 (1986); Smith v. Leonard, 242 F. App'x 139 (5th Cir. 2007); Marsh v. Jones, 53 F.3d 707, 711–712 (5th Cir. 1995) (inmate's alleged damages stemming from a slip-and-fall due to a leaky air conditioning unit not actionable under § 1983). Ford's claim that he slipped and fell in grits due to Defendants' negligence does not state a constitutional claim.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Ford's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

      THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>27th</u> day of February, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge